IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
November 17, 2015 Session

## COREY MCKINNIE v. STATE OF TENNESSEE

**Appeal from the Tennessee Claims Commission (Western Division)**
**No. T20150708     Nancy Miller-Herron, Commissioner, Tennessee Claims**
**Commission**

_____

**No. W2015-00756-COA-R3-CV – Filed December 3, 2015**
_____

Appellant appeals the Tennessee Claims Commission's dismissal of his healthcare liability claim against the Appellee, State of Tennessee. Appellant failed to include a certificate of good faith with his complaint, as required by Tennessee Code Annotated Section 29-26-122. Accordingly, the State filed a Tennessee Rule of Civil Procedure 12.02(6) motion to dismiss Appellant's complaint. The Claims Commission granted the State's motion. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Tennessee Claims Commission is Affirmed and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S., and ARNOLD B. GOLDIN, J., joined.

Corey McKinnie, Memphis, Tennessee, Appellant, Pro Se.

Herbert H. Slatery, III, Attorney General and Reporter, Andrée Sophia Blumstein, Solicitor General, and Laura Miller, Assistant Attorney General, for the appellee, State of Tennessee.

## OPINION

### I. Background

On September 24, 2014, Appellant Corey McKinnie filed a Notice of Claim with the

State of Tennessee Division of Claims Administration.  By his notice, Mr. McKinnie claimed that he received negligent medical care while a patient at the Western Mental Health Institute ("WMHI").  Specifically, Mr. McKinnie claimed that he was a patient at WMHI when he tested positive for Herpes Type 1 and 2 Virus.  He alleged that he was discharged from WMHI five months later without a prescription or referral for continued care of his herpes virus.  After being discharged, Mr. McKinnie claimed that due to the negligence of a WMHI employee, he continued to experience symptoms associated with the virus, including "breakouts, headaches, shortness of breath, skin rash, and fatigue."  Mr. McKinnie further claimed that the untreated herpes increased his risk of contracting HIV.

By letter of October 9, 2014, the Attorney General informed Mr. McKinnie that the Attorney General would be defending the State of Tennessee ("State," or "Appellee") against Mr. McKinnie's health care liability claim.  The letter further informed Mr. McKinnie that, pursuant to applicable procedures, his claim would be transferred to the Claims Commission "on or around December 24, 2014" and that he would have thirty days from the transfer date to file a formal complaint with the Claims Commission.  Furthermore, the Attorney General's letter informed Mr. McKinnie, in relevant part, that:

> Because you have made allegations regarding inadequate healthcare provided to you by Western Mental Health Institute, your claim constitutes a healthcare liability action that has special procedural rules found in Tennessee Code Annotated § 29-26-121 and § 29-26-122 requiring written notice be sent to the State at least sixty (60) days prior to filing a complaint in the claim.  The notice must contain the information listed in Tenn. Code Ann. § 29-26-121(a)(2).  A certificate of good faith in accordance with Tennessee Code Annotated § 29-26-122 must also be filed with the formal Complaint.

> I strongly recommend you consult with a licensed attorney as soon as possible regarding your claim to ensure you properly comply with the special procedural requirements for filing a healthcare liability claim because failure to do so could be fatal to your claim.

Mr. McKinnie's claim transferred to the Claims Commission on December 23, 2014, and Mr. McKinnie filed a "Formal Complaint" on January 20, 2015.  The handwritten "Formal Complaint" ostensibly restates the allegations contained in the Notice of Claim, but also includes allegations regarding the dangers and symptoms of the herpes virus.  As part of his complaint, Mr. McKinnie attached a HIPAA release form, various medical records, prescription labels, and treatment notes.

On February 6, 2015, the State filed a motion to dismiss Mr. McKinnie's complaint in its entirety pursuant to Tennessee Rule of Civil Procedure 12.02(6). The State argued that Mr. McKinnie had failed to file a certificate of good faith with his complaint as required by Tennessee Code Annotated Section 29-26-122. On February 20, 2015, Mr. McKinnie filed a response in opposition to the State's motion, wherein he argued that the documents attached to his complaint were sufficient to comply with the certificate of good faith requirement.

On March 23, 2015, the Claims Commission entered an order granting the State's motion to dismiss. As the ground, the Commissioner stated that

> Tenn. Code Ann. § 29-26-122(c) provides that the failure to file a certificate of good faith "shall, upon motion, make the action subject to dismissal with prejudice." In this case, no such certificate was filed with Mr. McKinnie's claim. The Commission regrettably has no authority to excuse compliance with § 29-26-122.

Mr. McKinnie filed a timely notice of appeal.

## II. Issue

The sole issue for review is whether the Claims Commission erred in dismissing Appellant's healthcare liability claim for failure to file a certificate of good faith in accordance with Tennessee Code Annotated Section 29-26-122.

## III. Standard of Review

Mr. McKinnie's complaint was dismissed on grant of the State's Tennessee Rule of Civil Procedure 12.02(6) motion. In *Myers v. AMISUB (SFH), Inc*., 382 S.W.3d 300 (Tenn. 2012), our Supreme Court instructed:

> The proper way for a defendant to challenge a complaint's compliance with Tennessee Code Annotated section 29-26-121 and Tennessee Code Annotated section 29-26-122 is to file a Tennessee Rule of Procedure 12.02 motion to dismiss. In the motion, the defendant should state how the plaintiff has failed to comply with the statutory requirements by referencing specific omissions in the complaint and/or by submitting affidavits or other proof. Once the defendant makes a properly supported motion under this rule, the burden shifts to the plaintiff to show either that it complied with the statutes or that it had extraordinary cause for failing to do so. Based on the complaint and any other relevant evidence submitted by the parties, the trial court must determine

whether the plaintiff has complied with the statutes. If the trial court determines that the plaintiff has not complied with the statutes, then the trial court may consider whether the plaintiff has demonstrated extraordinary cause for its noncompliance. If the defendant prevails and the complaint is dismissed, the plaintiff is entitled to an appeal of right under Tennessee Rule of Appellate Procedure 3 using the standards of review in Tennessee Rule of Appellate Procedure 13. If the plaintiff prevails, the defendant may pursue an interlocutory appeal under either Tennessee Rule of Appellate Procedure 9 or 10 using the same standards.

*Myers*, 382 S.W.3d at 307. In any appeal from the grant of a Tennessee Rule of Civil Procedure 12.02 motion, we examine the legal sufficiency of the complaint and do not consider the strength of the plaintiff's evidence; thus, all factual allegations in the complaint are accepted as true and construed in favor of the plaintiff. *Lind v. Beaman Dodge, Inc*., 356 S.W.3d 889, 894 (Tenn. 2011).

While we are cognizant of the fact that Appellant is self-represented in this case, it is well-settled that "pro se litigants are held to the same procedural and substantive standards to which lawyers must adhere." *Brown v. Christian Bros. Univ.*, No. W2012–01336–COA–R3–CV, 2013 WL 3982137, at *3 (Tenn. Ct. App. Aug. 5, 2013), *perm. app. denied* (Tenn. Jan. 15, 2014). As we have explained,

parties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

*Jackson v. Lanphere*, No. M2010–01401–COA–R3–CV, 2011 WL 3566978, at *3 (Tenn. Ct. App. Aug. 12, 2011) (quoting *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003)).

## IV. Analysis

Here, the State filed a motion to dismiss Mr. McKinnie's complaint, wherein the State argued that Mr. McKinnie failed to file a certificate of good faith in compliance with Tennessee Code Annotated Sections 29-26-122, which provides, in pertinent part that:

(a) In any health care liability action in which expert testimony is required by § 29–26–115, the plaintiff or plaintiff's counsel shall file a certificate of good faith with the complaint. If the certificate is not filed with the complaint, the complaint shall be dismissed, as provided in subsection (c), absent a showing that the failure was due to the failure of the provider to timely provide copies of the claimant's records requested as provided in § 29–26–121 or demonstrated extraordinary cause. The certificate of good faith shall state that:

(1) The plaintiff or plaintiff's counsel has consulted with one (1) or more experts who have provided a signed written statement confirming that upon information and belief they:
(A) Are competent under § 29-26-115 to express an opinion or opinions in the case; and
(B) Believe, based on the information available from the medical records concerning the care and treatment of the plaintiff for the incident or incidents at issue, that there is a good faith basis to maintain the action consistent with the requirements of § 29-26-115; or

(2) The plaintiff or plaintiff's counsel has consulted with one (1) or more experts who have provided a signed written statement confirming that upon information and belief they:
(A) Are competent under § 29-26-115 to express an opinion or opinions in the case; and
(B) Believe, based on the information available from the medical records reviewed concerning the care and treatment of the plaintiff for the incident or incidents at issue and, as appropriate, information from the plaintiff or others with knowledge of the incident or incidents at issue, that there are facts material to the resolution of the case that cannot be reasonably ascertained from the medical records or information reasonably available to the plaintiff or plaintiff's counsel; and that, despite the absence of this information, there is a good faith basis for maintaining the action as to each defendant consistent with the requirements of § 29-26-115 . . . .

Tennessee Code Ann. § 29-26-122(c) provides, in pertinent part:

(c) The failure of a plaintiff to file a certificate of good faith in compliance with this section shall, upon motion, make the action subject to dismissal with prejudice . . . .

5

Although Mr. McKinnie contends that he complied with the foregoing statutory requirements in that he consulted with qualified physicians concerning the incidents that form the basis of his negligence claim, he failed to file a certificate that complies with the specific mandates of Tennessee Code Annotated Section 29-26-122, from any of these physicians. Our Supreme Court has instructed:

> Sections 29-26-121 and 122 respectively mandate that pre-suit notice be given and that a certificate of good faith be filed. Because these requirements are mandatory, they are not subject to satisfaction by substantial compliance. Substantial compliance is sufficient only when the statute's requirements are directory, not mandatory.
>
> * * *
>
> The requirements of these statutes are precisely stated. The statutes provide clear guidance and detailed instruction for meeting those requirements, and it is not our prerogative to rewrite the statutes.

*Myers*, 382 S.W.3d at 310 (citations omitted). Thus, our Supreme Court has ruled that filing a certificate of good faith is mandatory. Because Mr. McKinnie failed to file a certificate of good faith, the fact that he filed other documentation concerning his medical treatment is immaterial. Appellant's failure to comply with Tennessee Code Annotated Section 29-26-122 rendered his complaint subject to dismissal with prejudice upon the State's motion. Tenn. Code Ann. §29-26-122(c). Therefore, we conclude that the trial court did not err in granting the State's motion to dismiss.

## V. Conclusion

The order of the Claims Commission is affirmed. The case is remanded for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed against the Appellant, Corey McKinnie. Because Mr. McKinnie is proceeding *in forma pauperis* in this appeal, execution may issue for costs if necessary.

_____
KENNY ARMSTRONG, JUDGE

6